IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WARREN HINTON,

    Plaintiff,

v.                                                                 Civil Action No. 3:19cv178

MIDLOTHIAN KROGER, et al.,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendants Midlothian Kroger, Kroger Grocery Store at 14101 Midlothian Turnpike, Kroger Limited Partnership I, and The Kroger Company's (collectively, "Kroger") Partial Motion to Dismiss Plaintiff's Amended Complaint (the "Partial Motion to Dismiss"). (ECF No. 10.) Plaintiff Warren Hinton responded in opposition (the "Opposition"), (ECF No. 13), and Kroger replied, (ECF No. 14). This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).[1] For the reasons that follow, the Court will grant the Partial Motion to Dismiss in part and deny it in part.

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Hinton is a citizen of Virginia, Kroger Limited Partnership I, which as explained below, constitutes the only remaining defendant, is a citizen of Ohio, and the Complaint alleges damages exceeding $75,000.

# I. Factual and Procedural Background

## A. Procedural Background

Hinton first filed this action in the Circuit Court for the City of Richmond, Virginia. (*See* State Court Complaint, Ex. 3, ECF No. 1-3.) Kroger timely removed the case to this Court. (Notice of Removal, ECF No. 1.) After removal and with leave of this Court, Hinton filed the Amended Complaint. (*See* ECF Nos. 8, 9.) Kroger filed the Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (ECF No. 12) and, on the same day, its Answer, (ECF No. 11). Hinton responded to the Partial Motion to Dismiss and Kroger replied.

## B. Factual Background[2]

On March 1, 2017, Hinton entered the Kroger grocery store at 14101 Midlothian Turnpike, Midlothian, Virginia 23113. While in the store, Hinton allegedly fell to the ground when a floor mat slipped from under him "due to the insufficient traction on the bottom of the mat." (Am. Compl. ¶ 12.) Hinton consequently suffered "serious and permanent injuries" causing lost wages, pain and suffering, and loss of enjoyment of life. (*Id.* ¶ 16.) Hinton brings two causes of action against Kroger: (1) negligence, in which he includes allegations of Kroger's "recklessness, gross negligence, and/or negligence," (*id.*); and, (2) public nuisance. He seeks $400,000.00 in compensatory damages, his costs expended in this action, and prejudgment interest.

---

[2] Rule 12(b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For the purposes of a Rule 12(b)(6) Motion to Dismiss, "a court 'must accept as true all of the factual allegations contained in the complaint' and 'draw all reasonable inferences in favor of the plaintiff.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011)).

## II. Standard of Review: Rule 12(b)(6) Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). To survive Rule 12(b)(6) scrutiny, a complaint must contain sufficient factual information to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). Mere labels and conclusions declaring that the plaintiff is entitled to relief are not enough. *Twombly*, 550 U.S. at 555. Thus, "naked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted).

A complaint achieves facial plausibility when the facts contained therein support a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556; *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This analysis is context-specific and requires "the reviewing court to draw on its judicial experience and common sense." *Francis*, 588 F.3d at 193 (citation omitted). The Court must assume all well-pleaded factual allegations to be true and determine whether, viewed in the light most favorable to the plaintiff, they "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 676-79; *see also Kensington Volunteer Fire Dep't, Inc.*, 684 F.3d at 467 (finding that the court in deciding a Rule 12(b)(6) motion to dismiss "'must accept as true all of the factual allegations contained in the complaint' and 'draw

all reasonable inferences in favor of the plaintiff'" (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011))).

### III. Analysis

The Court must first address which Kroger entity should remain in this personal injury case as the correct defendant. The Court will then speak to the heart of this motion: whether Hinton's claims of gross negligence in Count I and his public nuisance claim in Count II may proceed.

#### A. Kroger Limited Partnership I is the Proper Defendant

Both Hinton and Kroger maintain that Kroger Limited Partnership I constitutes the owner or occupier of the Kroger store where Hinton fell. Based on the record before it, the Court sees no reason to find otherwise. Under Virginia law, the "owner or occupier of real property owes to an invitee the duty" of reasonable care at issue in a premises liability case. *Gauldin v. Va. Winn-Dixie, Inc.*, 370 F.2d 167, 169 (4th Cir. 1966). Indeed, before Kroger removed the case to this Court, Hinton and Kroger stipulated to nonsuit of this matter as to the following parties: Midlothian Kroger; Kroger Grocery Store at 14101 Midlothian Turnpike; and, The Kroger Company. But, Defendants removed the case before the Circuit Court for the City of Richmond endorsed the stipulation of nonsuit. As such, the Court will dismiss the other defendants and leave Kroger Limited Partnership I as the sole defendant in this matter.

#### B. Hinton's Negligence Claim May Proceed

In the Amended Complaint, Hinton's first count, captioned "Negligence," alleges "recklessness, gross negligence and/or negligence" based on Kroger having left the mat unsecured on the floor with insufficient traction. (Am. Compl. ¶ 16.) In its Partial Motion to Dismiss, Kroger contends that Hinton "alleges that Kroger was grossly negligent, but fails to

4

plead facts supporting that heightened degree of negligence." (Mem. Supp. Partial Mot. Dismiss 3.) Kroger does not, however, dispute that Hinton properly pleads a case for simple negligence. (*Id.* ("... Kroger is not asking this Court to dismiss simple negligence.").)

Under Virginia law, the three levels of negligence—simple,[3] gross,[4] and willful and wanton[5]—"do not represent separate claims or theories of liability."[6] *Wilby v. Gostel*, 578 S.E.2d 796, 800–01 (Va. 2003). Instead, the three levels identify the different burdens of proof a plaintiff must meet. *Id.* at 801; *see Knight v. Moore*, 18 S.E.2d 266, 270 (Va. 1942). Based on the evidence presented, the finder of fact determines the appropriate level of negligence after the parties have conducted discovery, on a motion for summary judgment, or during trial. *Id.*

At this stage, the Court may not weigh evidence but must view the Amended Complaint in the light most favorable to Hinton. Because Kroger concedes that Hinton properly pleads a simple negligence claim, the Court will allow all three levels of negligence to proceed.

---

[3] Simple negligence constitutes the failure to use ordinary care to avoid injury to others. *Wilby v. Gostel*, 578 S.E.2d 796, 801 (Va. 2003) (quoting *Harris v. Harman*, 486 S.E.2d 99, 101 (Va. 1997)).

[4] "Gross negligence ... shocks fair-minded people" in its "complete[] ... neglect[]" of others' safety. *Wilby*, 578 S.E.2d at 801 (quoting *Harris*, 486 S.E.2d at 101).

[5] Willful and wanton negligence involves a conscious disregard of the safety of another or "acting with reckless indifference to the consequences, with the defendant aware ... that his conduct probably would cause injury to another." *Wilby*, 578 S.E.2d at 801 (quoting *Harris*, 486 S.E.2d at 101).

[6] In its Partial Motion to Dismiss, Kroger seems to conflate the three levels of negligence under Virginia law. In Count I of the Amended Complaint, Hinton raises all three levels of negligence. By contrast, Kroger addresses only simple negligence—which Kroger does not seek to dismiss—and gross negligence—which it seeks to dismiss. Kroger also mentions "reckless indifference," an element of willful and wanton negligence, in its discussion of gross negligence. (Mem. Supp. Partial Mot. Dismiss 3.) Because the Court will allow the negligence claim to proceed, it need not discuss any additional arguments from Kroger.

Accordingly, the Court will deny Kroger's Partial Motion to Dismiss as to Count I of the Amended Complaint.

### C. Hinton Has Not Stated a Plausible Nuisance Claim

While neither Hinton nor Kroger clearly identify whether Count II operates as a nuisance claim under a public or private theory of nuisance, this is of no moment. Hinton does not state a legally cognizable claim in nuisance under either theory. Under public nuisance, Hinton's Amended Complaint fails to plead a necessary element—that his injury constituted a special or peculiar injury—that Virginia law requires for an individual plaintiff to maintain a public nuisance claim. Under private nuisance, Hinton's claim falters because he has no property right in the use or enjoyment of the Kroger store where he fell, meaning that his claim falls outside the scope of private nuisance jurisprudence.

#### 1. Hinton Cannot State a Public Nuisance Claim

Under Virginia law, a private person generally cannot maintain a cause of action in public nuisance. *Fugate v. Carter*, 144 S.E. 483, 484 (Va. 1928) (quoting *Bowe v. Scott*, 75 S.E. 123, 123 (Va. 1912)). "[T]he term nuisance . . . extends to everything that endangers life or health, gives offense to the senses, violates the laws of decency, or obstructs the reasonable and comfortable use of property." *Bragg v. Ives*, 140 S.E. 656, 660 (Va. 1927) (citation omitted). A public nuisance is a nuisance "that is a danger to the public." *Taylor v. City of Charlottesville*, 397 S.E.2d 832, 835 (Va. 1990). Virginia law generally enjoins private parties from sustaining individual causes of action for public nuisance under the theory that Virginia itself must indict the creator of such a nuisance on behalf of the widely affected community. *See* VA. CODE ANN. § 48-1 *et seq.*; *Crown Cent. Petroleum Corp. v. Webb's Oil Corp.*, No. 94-1053-R, 1996 U.S. Dist. LEXIS 2185, at *6 (W.D. Va. Jan. 18, 1996); *Jordan v. Commonwealth*, 549 S.E.2d 621,

623 (Va. Ct. App. 2001); 5 KENT SINCLAIR, SINCLAIR ON VA. REMEDIES § 65-1 (LexisNexis Matthew Bender 2018). Only when a plaintiff can prove a "special or peculiar" injury, different in kind from that sustained by the community at large, may he or she maintain a public nuisance action. *Fugate*, 144 S.E. at 484 (stating that the injury "must be direct and not purely consequential, and must be different in *kind*, and not merely in *degree*, from that sustained by the community at large.") (emphasis in original) (quoting *Bowe*, 75 S.E. at 123).

Hinton's public nuisance claim fails because Hinton as a private plaintiff, cannot show the "special or peculiar" injury necessary to undergird a public nuisance cause of action. *See id.* To state a public nuisance claim, Hinton must prove that his injury was different in kind from that sustained by the whole community. *See id.* at 483–84 (stating that a garage built in public road constituted a public nuisance for which the individual plaintiff could maintain a cause of action because the plaintiff lost access to his property); *see also Taylor*, 397 S.E.2d at 834–36.[7] Unlike accidental death in a hazardous area without signage or an individual's inability to reach his property because of a garage built in a public road, Hinton's alleged injuries, which arose from his slip and fall, do not rise to the "special or peculiar" harm necessary to maintain a public nuisance cause of action under Virginia law. *See Adams v. Star Enter.*, 51 F.3d 417, 422 (4th Cir. 1995) ("mere fear . . [does] not make out a cause of action for nuisance under Virginia law"); *Bragg*, 140 S.E. at 660 ("The annoyance complained of must be something real, substantial and tangible . . . [and] naturally productive of actual physical discomfort"); *Fugate*,

---

[7] *Taylor* represents the quintessential public nuisance case brought by a private plaintiff: a special or peculiar individual harm—death—resulting from a situation created by a municipality when the municipality negligently failed to mark a road hazard. *Taylor*, 397 S.E.2d at 834–36; *see Va. Remedies* § 65-1.

7

144 S.E. at 484. Lacking a direct, "special or peculiar" injury, Hinton's public nuisance claim cannot stand.[8] *See Fugate*, 144 S.E. at 484.

### 2. Hinton Cannot State a Private Nuisance Claim[9]

The traditional definition of private nuisance involves an individual's use of his or her property in a manner that "unreasonably interferes with the use and enjoyment of another's property."[10] *City of Newport News v. Hertzler*, 221 S.E.2d 146, 150 (Va. 1976) (citation omitted). For example, private landowners may sue a neighboring factory under a private nuisance theory for emitting noise and vibration that diminishes their property value, physically damages their property, and inhibits their sleep.[11] *See Bowers v. Westvaco Corp.*, 419 S.E.2d 661, 663–66 (Va. 1992).

---

[8] Hinton cites one case supporting his proposition that a slippery floor mat constitutes a public nuisance: *Lee v. Lowes Home Centers, LLC*, Case No. CL15000437-00 (Southampton Cty. Cir. Ct. 2015). (Pl.'s Opp. Partial Mot. Dismiss 4, ECF No. 13.) In that case, the plaintiff tripped over a pile of lumber on the floor of a store. (*See id.* Ex. 1, Compl., *Lee v. Lowes Home Ctrs., LLC*, Case No. CL15000437-00 (Southampton Cty. Cir. Ct. 2015), ECF No. 13-1.) The Circuit Court for Southampton County issued an order allowing the private plaintiff's public nuisance claim to proceed without issuing an accompanying memorandum opinion. (*See id.* Ex. 3, Order, *Lee v. Lowes Home Ctrs., LLC*, Case No. CL15000437-00 (Southampton Cty. Cir. Ct. Dec. 10, 2015), ECF No. 13-3.) In the absence of any legal discussion in *Lee*, or any mandatory or persuasive authority supporting Hinton's public nuisance claim, this Court declines to follow *Lee*.

[9] Although neither party overtly briefed this case as a private nuisance claim, the Court addresses it in the alternative because both parties relied on private nuisance cases or raised private nuisance issues when discussing Hinton's claim at bar.

[10] Substances such as "smoke, cinders, dust, noise, offensive odors, or noxious gases" may support a private nuisance cause of action. *Bowers*, 419 S.E.2d at 667 (quoting *Nat'l Energy Corp. v. O'Quinn*, 286 S.E.2d 181, 182 (Va. 1982)).

[11] Some nuisances, such as a garage built in the middle of a public street, are both public and private in nature, and private individuals—who cannot reach their property because of the garage—may sue to enjoin such a nuisance, or for damages to compensate for personal injury or property damage suffered therefrom. *See Fugate*, 144 S.E. at 484.

8

Virginia law allows a private plaintiff to bring a private nuisance claim, so Hinton would not face the same threshold bar applicable to a public nuisance theory. His claim, nevertheless, suffers from two fatal flaws under a private nuisance theory. First, Hinton enjoys no property right in the "use and enjoyment" of the Kroger store where he fell. *See Hertzler*, 221 S.E.2d at 150. Although "an occupant's right to [the] use and enjoyment of land is to be broadly construed," *Adams*, 51 F.3d at 422 (citation omitted), neither Hinton nor Kroger have identified any authority establishing such a right in the property of another. Rather, when a property owner allows invitees onto his or her private land and an invitee becomes injured, courts apply premises liability to the invitee's negligence claim, such as that alleged in Count I of Hinton's Amended Complaint. *See Gauldin v. Va. Winn-Dixie, Inc.*, 370 F.2d 167, 169 (4th Cir. 1966) ("... [A]n owner or occupier of real property owes to an invitee the duty to exercise reasonable care to make the premises safe.").

Second, the nature of the harm Hinton allegedly suffered does not correlate with the type of harm envisioned by Virginia private nuisance law. Specifically, a slip and fall in a grocery store cannot equate to the harm suffered by a property owner when "smoke, cinders, dust, noise, offensive odors, or noxious gases" hinders the owner's enjoyment of his or her own property. *See Bowers*, 419 S.E.2d at 667. Further, the United States Court of Appeals for the Fourth Circuit has found "no Virginia case permitting recovery for a private nuisance which is not visible or otherwise capable of physical detection from the plaintiff's property." *Adams*, 51 F.3d at 423. For these reasons, the Court will dismiss Hinton's nuisance claim under both a public and private nuisance theory.

## IV. Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Kroger's Partial Motion to Dismiss. (ECF No. 10.)

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/28/2019
Richmond, Virginia